IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICKY STRANG                                                    PLAINTIFF

vs.                                    Civil No. 4:19-cv-04065

ANDREW SAUL                                                    DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Micky Strang ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1. __Background:__

Plaintiff filed his application for DIB and SSI on May 19, 2017. (Tr. 12). In this application,

Plaintiff alleges being disabled due to white matter disease, high blood pressure, emphysema,

eyesight, seizures, back, stroke, headaches, high cholesterol, dyslexia, and memory problems. (Tr.

255). Plaintiff alleges an onset date of September 24, 2016. *Id.* His applications were denied

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 11.
These references are to the page number of the transcript itself not the ECF page number.

initially and again upon reconsideration. (Tr. 12).

Plaintiff requested an administrative hearing on his denied applications. (Tr. 164-170). This hearing request was granted, and Plaintiff's administrative hearing was held on June 21, 2018. (Tr. 38-65). At this hearing, Plaintiff was present and was represented by Stanley Brummal. *Id.* Plaintiff and Vocational Expert ("VE") Wilfred Roux testified at this hearing. *Id.*

On January 10, 2019, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 12-27). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 15, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 24, 2017, the alleged onset date. (Tr. 15, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: history of status post remote lacunar infarct/white matter disease, degenerative disc disease, headaches and white matter disease, Stargardt's macular dystrophy, seizure like events, depressive disorder, and anxiety. (Tr. 15, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18-25, Finding 5). First, the ALJ indicted he evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC to perform to perform a light work consisting of lifting, carrying, pushing, and pulling up to 20 pounds occasionally and 10 pounds frequently; stand, walk and sit for 6 hours each in an 8-hour workday; could occasionally climb ramps and stairs; could occasionally

balance, kneel, crouch, and crawl; could frequently engage in tasks requiring near and far visual acuity; could maintain attention and concentration sufficiently to perform simple, routine work tasks; and could frequently interact with coworkers, supervisors, and the public; but could never climb ladders, ropes, or scaffolds; and must avoid exposure to all hazards. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 25, Finding 6). The ALJ determined Plaintiff was unable to perform any PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified Plaintiff retained the capacity to perform work as mailroom sorter with 99,190 such jobs nationally, warehouse checker with 69,430 such jobs nationally, and charge account clerk with 192,360 such jobs nationally. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability from September 24, 2016 through the date of the ALJ's decision. (Tr. 26, Finding 11).

Plaintiff sought review with the Appeals Council. On April 6, 2019, the Appeals Council denied this request for review. (Tr. 1-8). On June 10, 2019, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for determination.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3.    Discussion:

In his appeal brief, Plaintiff claims the ALJ erred: (1) in evaluating Plaintiff's subjective complaints and (2) in failing to properly evaluate Plaintiff's RFC. ECF No. 11 at 3-20. Upon review, the Court finds Plaintiff's first argument is merited, and the ALJ has not supplied a sufficient basis for discounting Plaintiff's subjective complaints. Thus, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination upon the fact Plaintiff's subjective complaints were not supported by the medical records. In his opinion, the ALJ summarized Plaintiff's medical records and discounted his subjective complaints because they were not supported by the objective medical records:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity,

6

persistence and limiting effects of these symptoms *are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision*.

(Tr. 24) (emphasis added).

Based upon this review, the Court finds the ALJ discounted Plaintiff's subjective complaints based upon his medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

        **ENTERED this 3rd day of April 2020.**

                    /s/ *Barry A. Bryant*
                    HON. BARRY A. BRYANT
                    U.S. MAGISTRATE JUDGE